IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL VELAZQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3388 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | and |
| ROBERT HOUSTON, | ) | PROGRESSION ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 8, the respondent's Motion for Summary Judgment. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), Angel Velazquez alleges violations of his civil rights in connection with his conviction in the District Court of Platte County, Nebraska, on or about January 31, 2003, for conspiracy to commit first degree murder.

The petitioner alleges the following claims in his § 2254 petition:

**§ 2254 Claim 1**.   Ineffective Assistance of Trial Counsel:

a.   In advising the petitioner to waive a preliminary hearing;

b.   By failing to file a motion to quash the defective Information.

**§ 2254 Claim 2**.   Ineffective Assistance of Appellate Counsel:

a.   In failing to raise issues on direct appeal of ineffective assistance of trial counsel;

b.   In failing to raise the issue on direct appeal of prosecutorial misconduct, i.e., by trying the petitioner notwithstanding a defective Information;

c.   In failing to raise the issue on direct appeal of abuse of discretion by the trial court by proceeding notwithstanding the defective Information.

**§ 2254 Claim 3**. Prosecutorial Misconduct: By proceeding on an Information which was defective on its face by omission of essential elements of the offense, thereby causing the trial court to lose jurisdiction of the cause.

**§ 2254 Claim 4**. Abuse of Discretion by the Trial Court: By proceeding on an Information which was defective on its face by omission of essential elements of the offense, thereby causing the trial court to lose jurisdiction of the cause.

**§ 2254 Claims 5-8.** Defects and abuses of discretion by the district and appellate courts which denied the petitioner postconviction relief.

### Errors in Postconviction Proceedings

Although not mentioned by the respondent, the petitioner's § 2254 Claims 5, 6, 7 and 8 are not cognizable in a federal habeas corpus proceeding. 28 U.S.C. § 2254(i) states: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (because there is no constitutional right to an attorney in state postconviction proceedings, a petitioner may not base a federal habeas corpus claim on a deprivation of effective assistance of counsel in state postconviction proceedings). Similarly, other errors during state postconviction review are not cognizable in a federal habeas corpus proceeding. See, e.g., Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (*citing* Jolly v. Gammon, 28 F.3d 51 (8th Cir.), cert. denied, 513 U.S. 983 (1994), *quoting* Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990): "[A]n infirmity in a state post-conviction proceeding does

not raise a constitutional issue cognizable in a federal habeas petition."); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir.1989), cert. denied, 493 U.S. 1028 (1990) (failure by state post-conviction court to hold a hearing and provide written findings are not cognizable in federal habeas corpus action).

Thus, relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and irregularities in state post-conviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's postconviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998) ("errors concerning [state postconviction] process are not cognizable in federal habeas proceedings"); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state "post-conviction procedures on their face and as applied to [petitioner] would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"). Therefore, the petitioner's § 2254 Claims 5 through 8 are dismissed on the court's own motion.

**Defaulted Claims Which Could Have Been Raised on Appeal**

In his Motion for Summary Judgment, the respondent contends that the § 2254 petition contains both unexhausted and exhausted claims, so that the petition and this action should be dismissed or stayed as a mixed petition. Rhines v. Weber, 544 U.S. 269 (2005). Of the remaining claims in the § 2254 petition, the respondent characterizes the § 2254 Claims 3 and 4 as unexhausted.

In his § 2254 petition at ¶ 15, the petitioner acknowledges that he did not raise those claims in the state's highest court, but he erroneously believes that he may nonetheless raise those claims in this court because they relate to the subject matter jurisdiction of the state courts. The petitioner is incorrect. It is a cardinal principle of federal habeas corpus law that a § 2254 claim must have been fairly presented to, i.e., exhausted in, the state district and appellate courts before such claim reaches a federal district court in a habeas petition. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'... To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted).

However, the court questions the respondent's characterization of the petitioner's § 2254 Claims 3 and 4 as "unexhausted." When a petitioner has never presented a claim

to the Nebraska appellate courts, the immediate question before this court is whether there remains any available means by which the petitioner may still do so.[1]  A federal district court may not reach the merits of an unexhausted habeas claim which remains capable of being presented to the state courts.

If a claim has not been presented to the Nebraska appellate courts but is now barred from presentation to the state courts, the claim is procedurally defaulted, not unexhausted, and the § 2254 petition is not a mixed petition. Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005).  For example, under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal."  State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003).  Accord Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002).  In such circumstances, when there exists no currently available state court remedy, the claim is procedurally defaulted, not unexhausted, and the petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default.  Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005).

Therefore, the respondent's Motion for Summary Judgment must be denied.  The parties shall file briefs addressing the issues of procedural default, cause and prejudice to excuse any procedural default, the merits of the petitioner's claims, and the deferential standard of review required by 28 U.S.C. § 2254(d), as set forth below.

---

[1]"Unexhausted" means **both** that the claim has not been fairly presented in "one complete round of the State's established appellate review process," O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999), but also that the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c).

5

**Progression Order**

*§ 2254 Claims 1 and 2*

Claims which have been considered on the merits by the Nebraska appellate courts are subject to review under the deferential standard required by 28 U.S.C. § 2254(d). The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003). 28 U.S.C. § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*28 U.S.C. § 2254(d)(1)*: In Kinder v. Bowersox, 272 F.3d 532, 537-38 (8th Cir. 2001), the Eighth Circuit explained 28 U.S.C. § 2254(d)(1) as follows, *citing* Williams v. Taylor, 529 U.S. 362, 405 (2000):

> Our first step, then, in evaluating a challenge to the state court's application of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also Lockyer v. Andrade, 538 U.S. 63 (2003):

> First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

Id. at 73 (citations omitted).

> Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

Id. at 75 (citations omitted).

*28 U.S.C. § 2254(d)(2):* 28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003). Therefore, as to the petitioner's § 2254 claims 1 and 2, which were not procedurally defaulted, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim, (1) produced "a decision that was contrary to, or

7

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) based its decision on an unreasonable factual determination in light of the evidence.

Because the respondent moved for summary affirmance in the Nebraska Court of Appeals, the respondent will bear the burden of explaining in the first instance how to interpret the summary affirmance by the appellate court as well as how and why that decision merits deference under the standard of 28 U.S.C. § 2254(d). The petitioner will then have an opportunity to respond to the respondent's arguments concerning the deferential standard of review to be afforded the Nebraska courts' decisions regarding the petitioner's first and second claims.

### *§ 2254 Claims 3 and 4*

As the respondent will be filing the first brief, the respondent need only address whether, in his view, the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," in the petitioner's § 2254 Claims 3 and 4. 28 U.S.C. § 2254(c). If the respondent believes the claims still remain capable of exhaustion, he shall explain why they are not barred in light of State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003) and Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002).

Assuming procedural default of the third and fourth claims, the petitioner shall have an opportunity in his brief to demonstrate cause and prejudice to excuse the procedural default. Although the United States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in

counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

IT IS THEREFORE ORDERED:

1. That filing no. 8, the respondent's Motion for Summary Judgment, is denied;

2. That the petitioner's § 2254 Claims 5, 6, 7 and 8 (concerning his state postconviction proceedings) are dismissed with prejudice;

3. That by March 1, 2006, the respondent shall file a brief on the issues discussed above;

4. That by April 1, 2006, the petitioner shall file a brief on the issues discussed above;

     5.    That by May 1, 2006, each party may, but is not required to, file a reply brief; and

     6.    That unless the court orders additional briefs, an evidentiary hearing, or expansion of the record, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs.

DATED this 2nd day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge