IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGEL VELAZQUEZ, | ) |
| | ) |
| Petitioner, | )     4:04cv3388 |
| | ) |
| vs. | )     MEMORANDUM AND ORDER |
| | )     and |
| ROBERT HOUSTON, | )     AMENDED PROGRESSION ORDER |
| | ) |
| Respondent. | ) |

This matter is before the court on Filing No. 16, the respondent's Motion for Leave to File Brief Late. In Filing No. 14, the Memorandum and Order of February 2, 2006, the court established a Progression Order for the filing of briefs in this habeas corpus action brought by the petitioner, Angel Velazquez.[1] Specifically, the court ordered the respondent to file a brief by March 1, 2006, on the issues of (1) the deferential standard of review to be afforded the state-court decisions on the merits of the petitioner's Claims 1 and 2[2] and (2) the respondent's affirmative defense regarding either exhaustion or procedural default of Claims 3 and 4. Then, the petitioner was to file his brief by April 1, 2006, including any discussion he may wish to include concerning cause and prejudice to

---

[1] Mr. Velazquez alleges violations of his rights in connection with his conviction in the District Court of Platte County, Nebraska, on or about January 31, 2003, for conspiracy to commit first degree murder. The remaining claims in his habeas petition are: Claims 1 and 2 - exhausted claims of ineffective assistance of counsel; and Claims 3 and 4 - claims of prosecutorial misconduct and trial court abuse of discretion, which the respondent initially described as "unexhausted" but now characterizes as procedurally defaulted.

[2] See Filing No. 14 at 8: "Because the respondent moved for summary affirmance in the Nebraska Court of Appeals, the respondent will bear the burden of explaining in the first instance how to interpret the summary affirmance by the appellate court as well as how and why that decision merits deference under the standard of 28 U.S.C. § 2254(d)."

excuse any procedural default.  Finally, by May 1, 2006, each party could, but did not have to, file a reply brief.

The respondent failed to file his initial brief, thereby leading the petitioner to believe that the respondent had abandoned all affirmative defenses.  Accordingly, on March 27, 2006, the petitioner filed a Motion for Summary Judgment premised on that belief.  Only then did the respondent file his Motion for Leave to File Brief, late on March 28, 2006, and without explanation for the delay or showing of cause.  While the respondent's Motion will be granted, the previously issued Progression Order will be modified as set forth below.

IT IS THEREFORE ORDERED:

1. That Filing No. 16, the respondent's Motion for Leave to File Brief Late, is granted, and the brief (Filing No. 17) is accepted for filing instanter;

2. That because the respondent's actions were misleading to the petitioner, the petitioner shall have another opportunity to file his initial brief; the petitioner's initial brief is due by May 1, 2006;

3. That by June 1, 2006, any party may file a reply brief; and

4. That unless the court orders additional briefs, an evidentiary hearing, or expansion of the record, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs.

DATED this 3rd day of April, 2006.

                          BY THE COURT:

                          s/Laurie Smith Camp
                          Laurie Smith Camp

United States District Judge