IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL VELAZQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3388 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | and |
| ROBERT HOUSTON, | ) | SECOND AMENDED |
| | ) | PROGRESSION ORDER |
| Respondent. | ) | |

This matter is before the court on Filing No. 15, the Motion for Summary Judgment filed by the petitioner, Angel Velazquez; and Filing No. 19, the petitioner's Objection to Memorandum and Order and Amended Progression Order. On February 2, 2006, in Filing No. 14, the court established a Progression Order for the filing of briefs in this habeas corpus action, beginning with a brief by the respondent, due March 1, 2006, regarding his affirmative defenses. The respondent missed his deadline of March 1, 2006, thereby leading the petitioner to believe that the respondent had abandoned all affirmative defenses. Accordingly, on March 27, 2006, the petitioner filed Filing No. 15, a Motion for Summary Judgment, premised on that belief.

The petitioner's motion precipitated Filing No. 16, on March 28, 2006, the respondent's Motion for Leave to File Brief Late. The court granted Filing No. 16, and modified the previous Progression Order to allow the petitioner additional time to respond to the respondent's late brief. The petitioner objects, however, asserting that the respondent's earlier failure to file a timely brief constituted a waiver of all affirmative defenses and any objections the respondent might have to the issuance of a writ of habeas corpus.

However, a late brief is not a waiver. The respondent's counsel should have met his deadline, and when he failed to do so, he should have shown cause for the delay.

Nevertheless, extensions of time are freely granted to all parties in cases such as these, as frequently to petitioners as to respondents. There is certainly no legal basis for characterizing the respondent's delay as a waiver of substantive defenses or of objections to the writ.

Therefore, the petitioner's motions will be denied, but the Progression Order will once again be modified. The petitioner has stated in his Motion for Summary Judgment that he relies on the ineffective assistance of his trial and appellate counsel as the cause and prejudice necessary to excuse any procedural default of his third and fourth habeas corpus claims. At this point, therefore, each party has submitted the equivalent of one brief. The court will amend the Progression Order to extend the time in which each party may, in his discretion, file a reply brief.

IT IS THEREFORE ORDERED:

1. That Filing No. 15, the petitioner's Motion for Summary Judgment, is denied;

2. That Filing No. 19, the petitioner's Objection to Memorandum and Order and Amended Progression Order, is denied;

3. That by June 15, 2006, any party may file a reply brief; and

4. That unless the court orders additional briefs, an evidentiary hearing, or expansion of the record, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs.

Dated this 28th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge