IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL VELAZQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3388 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for decision on the Petition for Writ of Habeas Corpus ("§ 2254 petition") filed pursuant to 28 U.S.C. § 2254 by Angel Velazquez, a prisoner in the custody of the Nebraska Department of Correctional Services.  Mr. Velazquez alleges violations of his constitutional rights in connection with his conviction in the District Court of Platte County, Nebraska, on or about January 31, 2003, for conspiracy to commit first degree murder.

### § 2254 Claims

The remaining claims in the petitioner's § 2254 petition are: Claims 1 and 2 - exhausted claims of ineffective assistance of counsel; and Claims 3 and 4 - claims of prosecutorial misconduct and trial court abuse of discretion, which the respondent initially described as "unexhausted" but now characterizes as procedurally defaulted.  Specifically, the following claims remain for disposition:

**§ 2254 Claim 1**.     Ineffective Assistance of Trial Counsel:

a.     By advising the petitioner to waive a preliminary hearing;

b.     By failing to file a motion to quash the defective Information.

**§ 2254 Claim 2**.     Ineffective Assistance of Appellate Counsel:

a.    In failing to raise the issue on direct appeal of ineffective assistance of trial counsel;

b.    In failing to raise the issue on direct appeal of prosecutorial misconduct, i.e., by trying the petitioner notwithstanding a defective Information;

c.    In failing to raise the issue on direct appeal of abuse of discretion by the trial court by proceeding notwithstanding the defective Information.

**§ 2254 Claim 3**.    Prosecutorial Misconduct: By proceeding on an Information which was defective on its face by omission of essential elements of the offense, thereby causing the trial court to lose jurisdiction of the cause.

**§ 2254 Claim 4**.    Abuse of Discretion by the Trial Court: By proceeding on an Information which was defective on its face by omission of essential elements of the offense, thereby causing the trial court to lose jurisdiction of the cause.

All of the petitioner's claims are founded on the premise that the Information charging him with the crime of conspiracy to commit first degree murder was fatally defective by its failure to include the elements of first degree murder.  The Information tracked the language of Neb. Rev. Stat. § 28-202 (conspiracy), but, as the petitioner emphasizes, the Information omitted reference to elements of first degree murder, i.e., "intent to kill, premeditated malice and deliberate malice."  (Filing no. 21, Pet. Brief at 2.)

Neb. Rev. Stat. § 28-202, defining the offense of conspiracy, states:

(1) A person shall be guilty of criminal conspiracy if, **with intent to promote**

**or facilitate the commission of a felony**:

(a) He agrees with one or more persons that they or one or more of them shall **engage in or solicit the conduct or shall cause or solicit the result specified by the definition of the offense**; and

(b) **He or another person with whom he conspired commits an overt act in pursuance of the conspiracy**.

(Emphasis added.)

2

The petitioner's Information (as quoted in the respondent's brief, filing no. 17 at 6-7) charged, in pertinent part:

> ...that ANGEL VELAQUEZ, late of the County of Platte and the State of Nebraska, on or about the 22nd day of August, 2002, within the County of Platte and the State of Nebraska,
>
> ### COUNT I
>
> did then and there feloniously conspire **with intent to promote or facilitate the commission of a felony**, *to wit: Murder in the First Degree § 28-303*, by agreeing with one or more persons to wit: Confidential Informant and undercover Madison County Corrections Officer Rafael Rayos, that they or one or more of them **shall engage in or solicit the conduct or shall cause or solicit the result specified by the definition of the offense** and he/she **committed an overt act in pursuance of the conspiracy**, to wit: meet with a Confidential Informant and Undercover officer ... to arrange for killing, exchanged money, provided a firearm with ammunition and drove Confidential Informant and undercover officer ... past the victim's home ....

(Emphasis added.)  A comparison of the foregoing indicates that the Information clearly tracked the language of the conspiracy statute, Neb. Rev. Stat. § 28-202, and only mentioned first degree murder as the object of the conspiracy.  The petitioner raised his first and second habeas claims on appeal, but the Nebraska appellate courts summarily denied relief without opinion.

## Standard of Review

The Eighth Circuit Court of Appeals, in <u>Niederstadt v. Nixon</u>, 465 F.3d 843 (8th Cir. 2006), clarified that it is not always possible to determine whether a claim has been "adjudicated on the merits" within the meaning of 28 U.S.C. § 2254(d).  28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), directs this court to apply a deferential standard of review to decisions "adjudicated on the merits in State court proceedings."  Section 2254(d) states:

3

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Within the meaning of 28 U.S.C. § 2254(d)(1), "[a] state-court decision is contrary to [the Supreme Court's] clearly established precedents if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005).   Similarly, "[a] state-court decision involves an unreasonable application of ... clearly established precedents if the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Id.

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence

4

presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

If the petitioner's first and second claims were adjudicated on the merits by the Nebraska appellate courts, the issue in this court is only whether the Nebraska courts, in adjudicating the merits of those claims, (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) based their decisions on an unreasonable factual determination in light of the record.   On the other hand, when this court reaches federal constitutional claims which were not adjudicated on the merits by the state appellate courts, the deferential standards of 28 U.S.C. § 2254(d) do not apply, and, in that situation, the federal habeas court conducts a de novo review of the claims. Niederstadt v. Nixon, 465 F.3d 843 (8th Cir. 2006), citing Pfau v. Ault, 409 F.3d 933, 938-39 (8th Cir. 2005).[1]

---

[1]See also Brown v. Luebbers, 371 F.3d 458, 460-61 (8th Cir. 2004) (en banc):  "[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court .... So the first question for us to consider is:  what constitutes an adjudication on the merits? From the plain language of the statute and black-letter law, we know that the state court's decision must be a judgment-an adjudication-on a substantive issue-the merits (as compared with a procedural or technical point).  A survey of opinions from our sister circuits demonstrates that, beyond these two considerations, resolving the question is not so easy. One thing is clear-no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits. That is as it should be, given one court's difficulty in divining the thought processes of another based only on language being used in certain ways, not to mention the comity issues that would be raised .... We must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court."

In this case, however, whether the court applies the § 2254(d) deferential standard of review or considers the petitioner's claims de novo, the result is the same.  Federal law, as expressed by the United States Supreme Court simply does not support the petitioner's views concerning the sufficiency of the Information in his case.

Under Nebraska law, "[t]he inchoate crime of conspiracy allows law enforcement agencies to intervene and protect the public from persons who reveal that they are disposed to criminal activity and have committed overt acts toward that end."  State v. Clason,  526 N.W.2d 673, 682 (Neb. App. 1994) (citation omitted).  Under state law, a charging document need only use  the language of the statute defining the crime.  State v. Hubbard, 673 N.W.2d 567, 575 (Neb. 2004); State v. Bowen, 505 N.W.2d 682, 688 (1993).

The same is true as a matter of federal constitutional law.  A conspiracy charge which tracks the language of a conspiracy statute is a sufficient charging document. Hamling v. United States, 418 U.S. 87, 117 (1974).

An indictment or information charging conspiracy to commit an offense need only identify such offense and need not spell out the elements of the offense which is the object of the conspiracy.  "As the Supreme Court made clear in Wong Tai v. United States, 273 U.S. 77, 81 (1927), where conspiracy is the 'gist of the crime' all that is necessary in the indictment is that the object of the conspiracy be set out "sufficient[ly] to identify the offense which the defendants conspired to commit." ' "  United States v. Cobb, 905 F.2d 784, 791 (4th Cir. 1990), cert. denied (1991).

> While it is essential to the validity of an indictment under the Federal
> Constitution and laws that it shall advise the defendant of the nature and
> cause of the accusation in order that he may meet it and prepare for  trial,

and after judgment, be able to plead the record and judgment in bar of a further prosecution for the same offense, ... we find in the present indictment no lack of compliance with this requirement.  It charged the defendant, with definiteness and certainty and reasonable particularity as to time and place, with conspiring with a named person and others to commit certain specified offenses in violation of the Opium Act; and further charged him, in like manner, with doing various specified acts to effect the object of the conspiracy. **It is well settled that in an indictment for conspiring to commit an offense - in which the conspiracy is the gist of the crime - it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy**....

Wong Tai v. United States, 273 U.S. 77, 80-81 (1927).

Accordingly, the Information charging the petitioner with conspiracy to commit first degree murder was not defective by its omission of the elements of murder. The Information did identify the object of the conspiracy, i.e., murder, and neither federal nor state law required more.  The petitioner did not receive ineffective assistance of counsel at the trial or appellate level of his state court proceedings.  His trial attorney did not render ineffective assistance of counsel by advising the petitioner to waive a preliminary hearing or by failing to file a motion to quash the Information.  His appellate counsel did not render ineffective assistance by failing to appeal the prosecutor's use of the Information or the trial court's jurisdiction to proceed notwithstanding the language of the Information.

The court need not decide whether the petitioner has shown cause and prejudice to excuse the procedural default of his third and fourth claims, because those claims, too, fail on the merits.  The petitioner's third and fourth § 2254 claims are predicated on the insufficiency of the Information, but the Information was not insufficient.  Therefore, the claims of prosecutorial misconduct and trial court abuse of discretion must be denied.  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the

7

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").  See also <u>Perry v. Kemna</u>, 356 F.3d 880, 886 (8th Cir.) (finding it unnecessary to resolve the issue of procedural default because the claim in question clearly failed on the merits), <u>cert. denied</u>, 543 U.S. 1022 (2004).

THEREFORE, IT IS ORDERED:

1.      That the Petition for Writ of Habeas Corpus filed by Angel Velazquez is denied and dismissed with prejudice; and

2.      That judgment will be entered accordingly.

DATED this 20th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge